**VIRGIN ISLANDS WATER AND POWER AUTHORITY,**
**Petitioner/Appellant**
**v.**
**PUBLIC SERVICES COMMISSION, Respondent/Appellee**

Civil No. ST-94-CV-281A

Superior Court of the Virgin Islands

Division of St. Thomas and St. John

December 7, 2010

LORELEI FARRINGTON, ESQ., Assistant General Counsel, V.I. Water & Power Authority, St. Thomas, USVI, *Counsel for Respondent/Appellee.*

PAUL J. PAQUIN, ESQ., Deputy Solicitor General, V.I. Department of Justice, St. Thomas, USVI, *Counsel for Petitioner/Appellant.*

CARROLL III, *Judge*

## MEMORANDUM OPINION

(December 7, 2010)

Complying with the Court's Order, the parties in this case submitted supplemental briefs to address the question of the effect of a recent Supreme Court of the Virgin Islands' decision on this matter. Because *Virgin Islands Public Services Commission v. Virgin Islands Water & Power Authority*[1] clearly establishes that the Public Services Commission has jurisdiction only over rate-setting, and not over billing disputes, the Court finds that PSC lacked jurisdiction to hear the matter below.

## FACTUAL AND PROCEDURAL BACKGROUND

The parties' supplemental briefs address the question of what effect, if any, does the Supreme Court of the Virgin Islands' decision in *V.I. Public. Servs. Comm'n v. V.I. Water & Power Auth.* ("the Decision"), have on this matter. In this case, non-party Granada del Mar, a Virgin Islands Water and Power Authority[2] customer, filed a complaint with the Public Services Commission,[3] complaining that a faulty meter resulted in an erroneous water charge. After two hearings, PSC found for Granada on December 30, 1993, and ordered WAPA to correct the customer's account. On February 18, 1994, PSC denied WAPA's Motion for Reconsideration. On April 5, 1994, WAPA filed a Petition on Appeal with the Court.

■ WAPA raises the following issues on appeal: the evidence does not support PSC's finding; the Decision interferes with WAPA's authority to

---

[1] *V.I. Public Servs. Comm'n v. V.I. Water & Power Auth.*, 49 V.I. 478 (2008).

[2] WAPA is represented in this action by Lorelei Farrington, Esq., Assistant General Counsel.

[3] PSC is represented in this action by Paul J. Paquin, Esq., Deputy Solicitor General.

contract; the Decision violates WAPA's due process rights; and the Decision is "contrary to law and public policy." WAPA did not specifically raise the question of PSC's jurisdiction to decide complaints regarding billing errors in its appeal. However, jurisdiction is a defense that is never waived, and this Court must satisfy itself that PSC had jurisdiction in the first instance to hear the complaint.[4]

## STANDARD

This Court has jurisdiction to hear the appeal pursuant to Section 34 of Title 30.[5] When deciding an appeal from a PSC order or decision, this Court's review is "limited to questions of law, including constitutional questions; and the findings of fact by the Commission shall be conclusive, unless it shall appear that such findings of the Commission are arbitrary, capricious or procured through fraud."[6]

## DISCUSSION

WAPA stated in its Supplemental Brief that the Supreme Court's decision "defines the parameters within which the PSC's [sic] may exercise its regulatory powers over WAPA." WAPA states that "the Supreme Court made it perfectly clear that the PSC's role over WAPA 'is limited solely to the power to fix WAPA's rates.' " Consequently, WAPA concluded, PSC "went well beyond its statutory authority in adjudicating a billing dispute between WAPA and its customer."

PSC, on the other hand, states that the Supreme Court Decision makes clear that PSC can regulate both rates *and* services. On one page of the Decision, the Supreme Court states that the Superior Court held that PSC's oversight power is limited to rate-setting,[7] and on another page the Decision states the Superior Court's holding as limiting PSC's regulatory

---

[4] *See Martinez v. Columbian Emeralds*, 51 V.I. 174, 197 (2009) (Swan, J., dissenting) (citing *FW-PBS, Inc., DBA Paris Adult Bookstore, II v. City of Dallas*, 493 U.S. 215, 231, 110 S. Ct. 596, 107 L. Ed. 2d 603 (1990) ("[C]ourt has a special obligation to satisfy itself not only of its own jurisdiction, but also that of the lower courts in a cause under review, even though the parties are prepared to concede it.")).

[5] V.I. CODE ANN. tit. 30 § 34 (1998).

[6] 30 V.I.C. § 35.

[7] 49 V.I. at 480.

authority to "rates *and* services."[8] PSC states that the Supreme Court's reference to *services* on that page indicates that PSC's authority includes the ability to adjudicate customers' billing disputes.

In addition, PSC states that the Decision's "statutory analysis with respect to the power of the PSC to regulate the rates charged by WAPA applies equally to the issue of the power of the PSC to regulate WAPA's services," because the statutes that grant the power to regulate rates are the same statutes that authorize regulation of WAPA's services. Specifically, PSC points to Section 23's references to "services."[9] In addition, PSC relies on Section 2, which states that "[e]very public utility doing business within the United States Virgin Islands is required to furnish service and facilities reasonably safe and adequate and in all respects just and reasonable . . . Every public utility is hereby required to obey the lawful orders of the [PSC]."[10] Finally, PSC notes that it has promulgated regulations which permit interested parties to file complaints with PSC regarding any matter "subject to the jurisdiction of the PSC, such as rules or *services*," and that these regulations have the force of law.[11]

■ The Court agrees with WAPA's interpretation of the Decision. The Decision makes clear that PSC's authority over WAPA is limited to rate-setting. For example, it states explicitly that "PSC's power over WAPA is limited solely to the power to fix WAPA's rates"[12] It restates that holding in its conclusion, when it declares that "WAPA is thereby subject to PSC's review for rate-setting purposes only."[13]

PSC's arguments to the contrary are unpersuasive. PSC highlights the fact that the Superior Court's decision from which the PSC appealed in *V.I. Public Servs. Comm'n v. V.I. Water & Power Auth.* states that the statutes "demonstrate[] a lack of regulatory authority over WAPA beyond

---

[8] *Id.* at 483 (emphasis added).

[9] Section 23 states that PSC has the power to investigate complaints regarding public utilities and if it is found that any "service" is unreasonable, discriminatory, or otherwise in violation of the chapter, the PSC can "substitute therefore" other services and make any orders as are just and reasonable. V.I. CODE ANN. tit. 30, § 23 (1998).

[10] 30 V.I.C. § 2.

[11] (Resp.'s Supp. Brief 4 (citing 30 V.I.R. & REGS. § 11-31).)

[12] *V.I. Pub. Servs. Comm'n*, 49 V.I. at 489.

[13] *Id.* at 490.

the regulation of rates and services."[14] PSC argues that because the Superior Court indicated that PSC had authority to regulate WAPA's "services," and because the Superior Court decision was affirmed by the Supreme Court, that the Supreme Court's Decision should be interpreted to mean that PSC can regulate WAPA's services.

These arguments are not persuasive. Regardless of the Superior Court's holding in the case below, the Supreme Court made it absolutely plain that PSC has no authority over WAPA except to set rates.[15]

■ Furthermore, Sections 23 and 2 do not compel a different result. Both Sections 23 and 2 fall within Chapter 1 of Title 30. In its Decision, the Supreme Court made clear that Chapter 1, which applies to public utilities, does not apply specifically to WAPA or to independent instrumentalities of the government in general.[16] Consequently, Section 122 of Title 30, which "removed WAPA's exemption from jurisdiction *only* with respect to laws specific to WAPA or generally applicable to independent instrumentalities," does not permit WAPA to be regulated by the provisions of Chapter 1 that apply to all "public utilities."[17]

■ Finally, the fact that PSC's regulations refer to "services," does not provide PSC with jurisdiction over WAPA. PSC only has jurisdiction to issue regulations regarding those matters the Legislature has authorized it to regulate. Because the Legislature has not authorized PSC to regulate WAPA's services, any regulation which permitted it do so would be *ultra vires* and unenforceable.

## CONCLUSION

The Supreme Court's decision in *V.I. Public Services Commission v. V.I. Water and Power Authority*[18] makes it clear that the Public Services Commission lacked jurisdiction to hear Grenada del Mar's complaint regarding erroneous billing statements and faulty water meters. Therefore, by separate Order of today's date, the Court will vacate the PSC's December 30, 1993 Order for lack of subject-matter jurisdiction, and will sustain this appeal.

---

[14] *V.I. Water & Power Auth. v. Public Servs. Comm'n*, ST-03-CV-363, slip op. at 12, 13 (Super. Ct. Jan. 8, 2007)

[15] *V.I. Pub. Servs. Comm'n*, 49 V.I. at 489, 490.

[16] *Id.* at 488-89.

[17] *Id.* at 489.

[18] *Id.*